————o————

No. 5977.

# AMERICAN MANUFACTURING COMPANY vs. J. J. GAZIN ET AL.

## Syllabus.

The doctrine in *Reiman vs. Vasquez,* and *Gainnie vs. Weir,* reaffirmed.

Appeal from the Civil District Court, Parish of Orleans, Division "D," No. 97,997. Hon Porter Parker, Judge.

A. J. Peters, for plaintiff and appellee.

Foster, Milling, Brian & Saal, Geo. Montgomery, Sol. Wolff, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiff, a furnisher of materials, claims of a contractor, his surety, and the owner of the building, the sum of

$1176; being $1200 on a contract for what is known as "factory work," and $6 for "extras," subject to a credit of $30.

That the contract was made and the material furnished, as well as the "extras," is not seriously disputed, but at any rate this is fully proved; and so far as concerns the amount due plaintiff by the contractor the only question is whether same is subject to a credit of only $30 as given, or of $113.50 as claimed by the contractor, of which, more hereafter.

The contractor and his surety plead the general issue. The owner pleads the bond and full payment to the contractor; but this defense will not avail since he was served with an attested account at a time when he still held in his hands for account of the contractor more than the amount claimed.

Except as to the **credits** claimed, the only defense seriously urged is "that the statement purporting to have been filed and recorded, is not such as the law contemplates."

That statement was sworn to, filed with the owner, and recorded in the Mortgage Office; and reads as follows:

Factory work, as per estimate (un-glazed) ...........................$1,200.00
One twin frame, and sashes for same....  6.00

Total ...........................$1,206.00
Credit, ten pr. blinds.....................  30.00

Balance ...........................$1,176.00

It is shown that the item "factory work, as per estimate $1,200," was a contract to furnish for a lump sum all the material called for by the plans and specifications commonly known as "factory work" (such as openings, cornices, brackets, columns, stairs, railings, etc.).

This Court has repeatedly held that such a statement was a sufficient compliance with articles 3272, Civil Code, and act 134 of 1906. **Reiman vs. Vasquez, 8 Ct. of App., p. 300; Same vs. Same, No. 5721 of our docket; (X Ct. of App., 146); Gaiennie Co. vs. Weir, No. 5960 of our Docket; (X Ct. of App., 108), and State ex rel Mutual Bldg. and Hmstd. Assn. vs. Recorder of Mortgages**, decided January 26, 1914. (No. 5973).

We adhere to the doctrine announced in those cases.

As to the items of credit claimed by the contractor we think plaintiff has failed to show by a fair preponderance of evidence that certain items called for by the plans and specifications were not contemplated by its contract. We accordingly allow the following additional credits:

| | | |
|---|---|---:|
| 1. | Additional credit on 10 pr. blinds | $10.00 |
| 2. | One pair double front steps | 15.00 |
| 3. | Two pair rear steps at $2.75 | 5.50 |
| 4. | Two pair side steps at $2.75 | 5.50 |
| 5. | Changing back stair | 4.00 |
| 6. | Change in bathroom | 1.00 |
| 7. | Upstairs division cap, etc | 2.00 |
| 8. | Difference in front door | 2.50 |
| | Total | $51.50 |

It is, therefore, ordered that the judgment appealed from be amended by reducing the amount allowed both on

the main demand and on the call in warranty from $1176 to eleven hundred and twenty four 50/100 dollars; and as thus amended said judgment is affirmed, plaintiff to pay costs of appeal, and defendants all other costs.

Judgment amended and affirmed.

Opinion and decree, February 9, 1914.